IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN  L.[1],

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Civ. No. 6:23-cv-01615-AA

**OPINION & ORDER**

AIKEN, District Judge:

This case comes before the Court on Plaintiff's Motion for Fees under the Equal Access to Justice Act ("EAJA").  ECF No. 17.  For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

EAJA provides that a court shall award fees, costs, and other expenses to a prevailing party who is eligible, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d). "For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 – OPINION & ORDER

government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d).

The Ninth Circuit uses the lodestar method to determine the reasonableness of a fee award. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[C]ourts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F. 3d at 1136 (citing *Moreno*, 534 F. 2d at 1112-13).

## DISCUSSION

On January 3, 2025, the Court remanded this case for further proceedings based on the stipulation of the parties. ECF Nos. 14-16. Plaintiff filed the instant motion on April 3, 2025. ECF No. 17. Defendant filed its Response on May 1, 2025. ECF No. 21. Plaintiff replied on May 12, 2025. ECF No. 22.

Certain facts are accepted by both parties. Plaintiff alleges he was the prevailing party and that Defendant's position was not substantially justified. Pl. Mot. at 1-2. Defendant does not dispute that Plaintiff was the prevailing party or claim that Defendant's position was substantially justified. Def. Resp. Additionally, Defendant does not dispute Plaintiff's request for costs of $402 under 28 U.S.C. § 1920.

The dispute between the parties is limited to the reasonableness of the requested fees. Plaintiff originally requested $16,996.23 in attorney fees in his Motion, and the request was increased to $19,967.94 in the Reply due to the time spent on that document. See Pl. Mot. at 1; Pl. Reply at Ex. 1 at 1. Defendant disputes the reasonableness of the original amount and requests a 30% reduction to an amount of $11,897.36, and to disallow any fees for Plaintiff's Reply. Def. Resp. at 10.

Plaintiff presents a timesheet showing 3.9 hours in 2023, at a CPI-U rate of $244.62, and 63.7 hours in 2024 and 2025, at a CPI-U rate of 251.84. ECF No. 18-2 at 3. Plaintiff presents a second timesheet for the Reply showing 11.8 hours at the 2024-2025 CPI-U rate.

Defendant argues several reasons for reducing the award. "Plaintiff's EAJA request is unreasonable because it (1) overbills for recycled, duplicative research and writing; (2) far exceeds national and local averages; and (3) the relatively small record and streamlined posture of this case belies Plaintiff's outsized request." Def Resp. at 2.

Regarding recycled research and writing, Defendant cites examples of other cases by Plaintiff's Counsel or his law firm. See Def. Resp. at 6-7 ("the Svatos language used in Plaintiff's Opening Brief was lifted verbatim from previous briefs prepared by Counsel and/or his law firm, Wells, Manning, Eitenmiller & Taylor, P.C"). The Court does find that some statements of law and quotations from cases are repeated from one brief to the next, but that is unsurprising: legal standards in a specific practice area, such as Social Security, will apply to many or most cases.

What changes between cases are the facts and the administrative record, and how the law applies under those facts and that record. As the Ninth Circuit has noted, "[t]he term "routine" is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa*, 690 F. 3d at 1135, n 1. Here, the time entries do include time for case research, but the entries are much more focused on the facts and analysis.

For example, Defendant complains that the "Svatos language" was reused. Plaintiff counsel's entry states "research and cite and quote parts of Svatos case, and apply to ALJ's analyis [sic] and particular facts." ECF No. 18-2 at 1. It is true that the Court cannot tell how much time was spent on this task because it appears in a paragraph-long block covering 12.7 hours. Nor can the Court determine what balance of time was spent on the "research and cite and quote" as compared to "apply[ing] to ALJ's analysis and particular facts." But the Court is not a micromanager of each six

Page 4 – OPINION & ORDER

minutes of an attorney's day. Rather, the Court generally defers to professional judgment.

Defendant cites *Joseph L. S.C. v. Commissioner of Social Security*, No. C23-5246-SKV, 2024 WL 4469349, at *3 (W.D. Wash. Oct. 8, 2024), as an example of a court reducing an award for recycled briefing. Def. Resp. at 5. In that case, the court found that 30.7 hours for an opening brief was unreasonable. *Joseph L. S.C*, 2024 WL 4469349 *3. But the facts of that case are more complicated. First, the attorney in that case had previously litigated an appeal for the same petitioner, and claimed 30.9 hours for the opening brief in the prior case and 30.7 hours for the one at issue in the court's opinion. *Id.* at *3. "The Court analyzed the opening briefs from this and Plaintiff's prior appeal and agrees with the Commissioner that they are remarkably similar." *Id.*

Further still, the attorney in that case had previously been reprimanded in several other cases for "his inclusion of unnecessary factual summaries in the opening brief." *Id.* at *2. He repeated that issue, as the Court noted: "Nearly half of the brief was a summary of the ALJ's evaluation of the medical opinion evidence, without any meaningful development of an argument. . . . Such a summary is not only unavailing for Plaintiff's appeal, but also specifically prohibited by the Court's Scheduling Order." *Id.*

To compare Counsel to the attorney in *Joseph L.S.C.* is inapt. Here, Plaintiff's attorney had to grapple with complex facts and an Administrative Law Judge's lengthy analysis—an analysis that is conceded was not substantially justified.

Page 5 – OPINION & ORDER

Plaintiff's Brief, ECF No. 12, reflects the hard task of digesting and analyzing the record. A repetition of quoted case law from an early action is not the heart of the brief or the center of the work done in drafting. The Court will not reduce the requested fee on that basis.

Next, Defendant asserts that requested fee "far exceeds" the average EAJA award in Social Security cases both nationally and in the District of Oregon. See Def. Resp. at 4. Additionally, Defendant claims that 20-40 hours is "typical," though also concedes that the Court "cannot drastically reduce awards simply because an attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Id.* (quoting *Costa*, 690 F. 3d at 1136).

The Court is unpersuaded by Defendant's argument. Averages by their nature do not grapple with the facts of an individual case.

Finally, Defendant claims that the record was "relatively small" and posture was "streamlined."  In this case, the administrative record was 939 pages. Defendant cites a case saying the average administrative record in Social Security Disability cases is 1,534 pages.  Def. Mot. at 8 (citing *Wilkinson v. Comm'r of Soc. Sec.*, No. 3:19-CV- 6143-DWC, 2021 WL 12181411, at *4 (W.D. Wash. Feb. 11, 2021)). However,  the average administrative record in the District of Oregon is 465-605 pages. *Maria B. v. Kijakazi*, No. 1:20-CV-01418-SB, 2021 WL 5921354, at *3 (D. Or. Dec. 15, 2021) (citing *Kenneth A. v. Berryhill,* No. 3:17-cv-01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019)).

Regarding the "streamlined posture," Defendant relies on the fact that (1) the matter was remanded after the opening brief; (2) the attorney represented Plaintiff at the administrative level prior to this appeal. Neither fact weighs heavily for the Court.

Counsel may have been familiar with the record up to the hearing with the ALJ, but for this appeal, had to grapple with and respond to the ALJ's decision.

Turning to the remand after the opening brief, the Court notes that Defendant only agreed to remand after that brief, and likely on the strength of that brief. Plaintiff's Counsel produced good work which benefited his client and lowered overall costs in this Court for both parties by achieving the stipulated remand.

In sum, the Court finds the requested fee reasonable. Additionally, the fee requested for the Reply is also reasonable. *See Rayborn v. Comm'r of Soc. Sec. Admin.*, No. 3:15-cv-01478-HZ, 2017 WL 626359, at *3-4 (D. Or. Feb. 15, 2017) (awarding fees for preparing a reply in support of a motion for EAJA fees).

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 17, is GRANTED, including fees for the Reply, ECF No. 22. Plaintiff is awarded $19,967 pursuant to 28 U.S.C. § 2412, and costs of $402.00, pursuant to 28 U.S.C § 1920. If the Commissioner confirms that Plaintiff owes no debt to the Government through the federal treasury offset program, payment of this award shall be made by check made payable and mailed to Plaintiff's counsel, Mark A. Manning, WELLS, MANNING, EITENMILLER & TAYLOR, P.C., 474 Willamette Street,

Eugene, Oregon 97401. If Plaintiff has such debt, the check for any remaining funds after offset shall be made out to Plaintiff and mailed to counsel's address provided above.

It is so ORDERED and DATED this  9th  day of April 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 8 – OPINION & ORDER